IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **07-cv-1104-JLK**

**GEORGE CHRISTOPHER ASH,**

    Plaintiff,

v.

**EL PASO COUNTY SCHOOL DISTRICT NO. 11,**

    Defendant.

---

**ORDER DENYING MOTION IN LIMINE RE: LAWS TESTIMONY**

---

Kane, J.

This matter is before me on Defendant School District's Motion in Limine/Objection to Hearsay Statement of Lillian Laws (Doc. 60). Plaintiff, Christopher Ash, is an African-American teacher whose application for a permanent position with the District was passed over in favor of a candidate who was white. Ash's claims for race discrimination under Title VII and 42 U.S.C. § 1981 have survived summary judgment, and are set for a one-week jury trial commencing September 20, 2010. At the heart of Ash's claims is the testimony of Lillian Laws, which is that District Assistant Principal Warthen told Laws in a hiring committee meeting that the other candidate was selected over Ash at the direction of Principal Martha Crisp because he was the "white choice." Ash offers Laws's testimony as direct evidence that the District's decision not to hire him was motivated unlawfully by racial animus. The District moves in limine (Doc. 60) for a determination Laws' testimony is inadmissible. I DENY the motion.

The District argues Laws's testimony is inadmissible because, while Laws was employed by the defendant-District, the statements she attributes to school Principal Crisp via Assistant Principal Warthen fall outside the scope of Laws's employment. The proper analysis, however, focuses on Ms. Warthen, whose statement that Crisp wanted Reddington hired because he was "the white choice" forms the substance of Laws's testimony. Regardless of whom Warthen purports to be quoting (Crisp) and leaving aside the truth or falsity of the statement offered and attributed, this is an alleged admission against interest and not hearsay. Ms. Laws's testimony is also not hearsay because she was part of the hiring committee selected to interview Ash, and thus any alleged statements made to Laws concerning Ash's hiring were within the scope of her employment and therefore also admissible as non-hearsay evidence. I note Laws will be present at trial and subject to cross-examination, and all three individuals (Crisp, Warthen and Laws) have been designated as live witnesses in the operative Pretrial Order (Doc. 64). Warthen and Crisp can be called by either side to testify directly about their statements or in rebuttal to refute Ms. Laws's. The credibility of each is a matter for the jury to decide.

Based on the foregoing, the Motion in Limine/Objection to Hearsay Statement of Lillian Laws (Doc. 60) is DENIED.

Dated July 20, 2010.　　　　　　　　　　　　　　s/John L. Kane
　　　　　　　　　　　　　　　　　　　　　　　　SENIOR U.S. DISTRICT JUDGE