IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01104-JLK-MEH

GEORGE CHRISTOPHER ASH,

Plaintiff,

v.

COLORADO SPRINGS SCHOOL DISTRICT 11,

Defendant.

---

**ORDER ON JURY INSTRUCTIONS (ATTACHED)**

---

I have considered both Plaintiff's and Defendant's objections to the jury instructions (Docs. 84 and 85) and have made certain revisions as described below.[1]

1. Defendant School District objects to the use of the word "permanent" as a descriptor of the job for which Mr. Ash was denied employment because Ash was a probationary or temporary teacher. (Doc. 85 at 2.) Although Stipulation No. 12 refers to "the permanent Social Studies teaching position opening for the 2005-2006 school year" (Doc. 64 at 8), the record does not indicate that School District 11 was required to hire Mr. Ash on a permanent basis rather than a temporary one ("Intent Not To Rehire"). I have revised the instructions by replacing any mention of a "permanent teaching position" with the phrase "the position as social studies teacher for the 2005-2006 school year."

2. Both Plaintiff and Defendant object to Proposed Jury Instruction No. 4.2. The

---

[1]The original and revised jury instructions are attached to this order.

objections, which are substantially similar, relate to Defendant's affirmative defense and concomitant burden of proof. In response, I have added Instruction No. 4.3, entitled "Defendant's Affirmative Defense," which states:

> If your verdict is for Mr. Ash, he is entitled to damages unless the School District proves by a preponderance of the evidence that it would have treated Mr. Ash in the same manner, even if race discrimination had played no role in the School District's decision not to hire him for the position as social studies teacher for the 2005-2006 school year. It is not sufficient to prove that the decision would have been justified. Rather, School District 11 must prove that it would have taken the same action in the absence of the impermissible motivating factor of Mr. Ash's race.

This limited affirmative defense goes to damages – not liability. It is therefore located in an instruction other than 4.2, "Liability for Race Discrimination Claims." It should be noted that this limited defense would not "defeat Plaintiff's claim in its entirety" (Doc. 85 at 4), but may affect or preclude an award of damages. I have amended the index to account for this additional instruction, as well as the alteration of Instruction No. 1.31 [sic], which is now numbered 1.4.

3. Lastly, in response to Plaintiff's objection (Doc. 84 at 1-2), and for the sake of clarity and accuracy, the definition of "motivating factor" in Instruction No. 4.2 has been amended. Instruction 4.2 now reads: "A motivating factor is a factor that makes a difference in a decision."

Counsel shall review the attached Revised Jury Instructions and be prepared to make their records with respect to them at 8:30 am on Monday, September 20, 2010. I am open to further correction of typographical errors or any further revisions I may approve, but intend otherwise to proceed with the Instructions as they currently stand.

Dated: September 17, 2010

/s/John L. Kane
Senior U.S. District Judge