IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01104-JLK-MEH

GEORGE CHRISTOPHER ASH,

     Plaintiff,

     v.

COLORADO SPRINGS SCHOOL DISTRICT 11,

     Defendant.

---

**REVISED JURY INSTRUCTIONS**

---

# INDEX

**Section 1.0 – General Instructions**                                          **Page**

1.1    Opening Instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

1.2    Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

1.3    Order of Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

1.4    Duty to Follow Instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

1.5    Evidence – General . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

1.6    Evidence – Direct and Circumstantial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

1.7    Inferences Defined . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

1.8    Filing of Lawsuit and Pleadings . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

1.9    Burden of Proof . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

1.10   Judge's Questions to Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

1.11   Bench Conferences . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

1.12   Credibility of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

1.13   Single Witness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

1.14   Opinion Evidence and Expert Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

1.15   Equality of Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

1.16   Status of a School District . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25


**Section 2.0 – Instructions for Use During Trial**

2.1    Juror Conduct Generally . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

2.2    Questions by Jurors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

2.3    Publicity During Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30


**Section 3.0 – Instructions for Use During Trial**

3.1    Evidence Considered for Limited Purpose . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

3.2    Consideration of Deposition Testimony . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

3.3    Charts and Summaries . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

**Section 4.0 – Substantive Instructions**

4.1    Nature of Race Discrimination Cases. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

4.2    Liability for Race Discrimination Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

4.3    Defendant's Affirmative Defense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

4.4    Mitigation of Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

4.5    Damages Determination . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

4.6    Future Lost Wages Damages Determination . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

**Section 5.0 – Final Instructions**

5.1    General Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

5.2    Jury Deliberations – General Instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

5.3    Jury – Deliberations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

5.4    Jury – The Deliberations Process . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

5.5    Communications with Judge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51

5.6    Unanimous Agreement and Jury Verdict Form . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

**Section 6.0 – Jury Verdict Form**

Special Verdict Form  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

**SECTION 1.0**

**INSTRUCTIONS FOR USE DURING TRIAL**

## INSTRUCTION NO. 1.1

### Opening Instructions

We are about to begin the trial of the case you heard about during the jury selection process. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. If, during the course of the trial, there are terms you don't recognize, please let me know and I will explain them. The party who sues is called the plaintiff. In this action, the plaintiff is George Christopher Ash. The party being sued is Colorado Springs School District 11, and is called the "Defendant."

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will do my best to avoid it, but may sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received into evidence," I mean that this

2

particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case. I am not indicating in any way that you must accept it, but only that you may consider accepting or rejecting it.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during trial. Before you begin your deliberation at the close of the case, I will instruct you one more time on the law that you must follow and apply.

During the course of the trial I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply. Sometimes we will talk briefly, at the bench. But some of these conferences may take more time, so I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial and only the evidence received at trial. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, the Plaintiff, Mr. Ash, and the Defendant School District will each be given time for their final arguments. These arguments are not evidence. After these closing arguments, I will again instruct you on the rules of law you are to use in reaching your verdicts, and then you will retire to decide your verdicts.

During the course of the trial I may ask a question of a witness. If I do, that does not indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider. From time to time during the trial I may also direct your attention to particular instructions of law.

Ordinarily, the attorneys will develop all the relevant evidence that will be necessary for you to reach your verdicts. In rare situations, however, a juror may believe a question is critical to reaching a decision on a necessary element of the case. In that situation, you may write out a question and provide it to the courtroom deputy at the next recess. I will then consider that question with the lawyers. If it is determined to be a proper and necessary question, I will ask it. If I do not ask it, I will tell you why and explain why such an answer cannot be considered in your deliberations.

If you would like to take notes during the trial, you may. On the other hand, you are not required to take notes.

If you decide to take notes, be careful not to get so involved in note taking that you become distracted, and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids. Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by the notes of other jurors. If you do take notes, leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

4

During the course of the trial, you should not talk with any witness, or with any of the parties or employees of a party, or with any of the lawyers. During the course of the trial you should not talk about the trial with anyone else. Also, you should not discuss the merits of this case among yourselves until you have gone to the jury room to make your decision at the end of the trial. It is important that you wait until all the evidence is received and you have again heard my instructions on the controlling rules of law before you deliberate among yourselves. In other words, keep an open mind and form no opinions until you can consider all the evidence and the instructions of law together.

During the course of the trial you will receive all the evidence you legally may consider to decide the case. Gathering any information on your own that you think might be helpful is against the law and would be a violation of your oath. Do not engage in any outside reading on this case, even including dictionaries or a bible, do not attempt to visit any places mentioned in the case, and do not in any other way try to learn about the case outside the courtroom. Part of my job is to protect you from outside influences. Your job is to confine your decisions to what takes place in this courtroom.

I wish I did not have to dwell on this topic, but recent events around the United States and recent technologies require me to point out that some common practices and habits many of you enjoy are strictly forbidden in your role as jurors. You may not, under any circumstances, turn on your cell phones, blackberries, iPhones, or the like when court is in session. Whether you are here or away from the court during recess you may not

"google, twitter, tweet, text message, blog, post" or anything else with those gadgets about or concerning anything to do with this case. To do so could cause a mistrial, meaning all of our efforts would have been wasted and we would have to start all over again with a new trial before a new jury. If you were to cause a mistrial by violating these orders, you could be subject to paying all the costs of these proceedings and perhaps punished for contempt of court. What you may do is advise anyone who needs to know, such as family members, employers, employees, schools, teachers, or daycare providers, that you are a juror in a case and the judge has ordered you not to discuss it until you have reached a verdict and been discharged from the case. At that point you will be free to discuss this case or investigate anything about it to your heart's delight.

If during the course of trial you believe there is anything you need to know, please write down your request and give it to the courtroom deputy. She will give it to me and we will do our best to attend to it. Fairness to all concerned requires that all of us connected with this case deal with the same information and with nothing other than the same information. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

Finally, I note that the court reporter is making stenographic notes of everything that is said. This is basically to assist any appeals. You will *not* have a typewritten copy of the testimony available for your use during deliberations. On the other hand, any exhibits admitted at trial will be available to you during your deliberations.

## INSTRUCTION NO. 1.2

### Statement of the Case

Mr. Ash, an African-American, was employed by Colorado Springs School District 11 for the 2004-2005 school year as a social studies teacher at North Middle School on a contract for one year. A social studies teaching position opened for the 2005-2006 school year.  Both Mr. Ash and Mr. Kim Redington, a white physical education teacher, applied for the social studies teaching position. Mr. Redington was hired for the position. Later, Mr. Ash also applied for other teaching positions within the District. Though not selected for a position at North Middle School, Mr. Ash was selected to teach at Doherty Night School for the 2005-2006 school year.

Mr. Ash claims that he was unlawfully discriminated against because of his race in that he is an African-American.

School District 11 denies discrimination against Mr. Ash on the basis of race, and claims that the selection of Mr. Redington for the social studies teaching position at North Middle School was because Mr. Redington was already a tenured teacher in the District and had been at North Middle School longer than Mr. Ash.

It is unlawful for the School District to discriminate against Mr. Ash because of his race. In order to establish discrimination, Mr. Ash must show that the School District actually relied, in part, upon Mr. Ash's race in making its decisions. In making this showing, stereotyped remarks can be evidence of that impermissible motive.

7

Once Mr. Ash presents evidence, which if believed, shows the School District actually relied upon race in making its decisions, then the School District must come forward with objective evidence that its probable decision in the absence of that impermissible motive would have been not to hire Mr. Ash. It is not sufficient to prove that the decisions would have been justified. Rather, the School District must prove that the same decision would have been made regardless of Mr. Ash's race. In other words, the School District must show that its legitimate reason, standing alone, would have led it to make the same decision.

At the close of the evidence, you will be asked to determine whether racial discrimination was a substantial part of the School District's decision not to hire Mr. Ash for the social studies teaching position beginning in 2005.

# INSTRUCTION NO. 1.3

## Order of Trial

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is an introduction to help you understand what each party expects the evidence to show.

After the opening statements, Mr. Ash will present evidence in support of his claims and School District 11's lawyers may cross-examine each witness. At the conclusion of Mr. Ash's case, School District 11 may introduce evidence and Mr. Ash's lawyers may cross-examine the witnesses. After School District 11 introduces evidence, Mr. Ash may then present rebuttal evidence.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they think the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

## INSTRUCTION NO. 1.4

### Duty to Follow Instructions

You, as jurors, are the judges of the facts. But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explained them to you.

You may not disregard or give special attention to any one instruction, or question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

In your deliberations you must see to it that no one else on the jury ignores the instructions or attempts to decide the case on anything other than the law and the evidence. It should be born in mind that our collective commitment is to equal justice under the law. Your personal experiences or feelings about race, creed, color, nationality and gender have no place in this process.

You should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

10

## INSTRUCTION NO. 1.5

### Evidence – General

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give you. That is how you will reach your verdict. In doing so, you must follow the law whether you agree with it or not.

At no time during the trial will I suggest what I think your verdict should be nor do I want you to guess or speculate about my views or what verdict you should render.

You will decide what the facts are from the evidence that the parties will present to you during the trial. That evidence will consist of the sworn testimony of witnesses on both direct and cross-examination, regardless of who called the witness; documents and other things received into evidence as exhibits; and any facts on which the lawyers agree or which I may instruct you to accept as true.

The following things are not evidence and you must not consider them as evidence in deciding the facts of the case:

1.      Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

11

2.      Questions and objections by the lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by any objection or by my ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered by you.

4.      Anything you may see or hear when the Court is not is session is not evidence, even if what you see or hear is done or said by one of the parties or by one of the witnesses.

The rules of evidence control the facts you may consider. You are to consider only the evidence in the case. When one lawyer asks a question or offers an exhibit and an opposing lawyer thinks that it is not permitted by the rules of evidence, the opposing lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore such evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**INSTRUCTION NO. 1.6**

**Evidence – Direct and Circumstantial**

12

Evidence can be either direct or circumstantial. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence; that is, it is proof of one or more facts from which one can find that another fact exists or is true.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial. For example, testimony that a witness observed a sign that read "open" in a store window is direct evidence the store was open. Testimony that a number of customers were seen entering and exiting a store is circumstantial evidence the store was open.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

You should consider both kinds of evidence in deciding this case. It is for you to decide how much weight to give to any evidence, direct or circumstantial.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

13

**INSTRUCTION NO. 1.7**

**"Inferences" Defined**

You are to consider only the evidence in the case. In your considerations of the

evidence, you are not limited solely to what you see and hear as the witnesses testify. You

14

are permitted to draw, from facts that you find have been proved, such reasonable inferences as seem justified in the light of your experience.

"Inferences" are inductions or conclusions your reason and common sense lead you to draw from the facts established by the evidence in the case.

## INSTRUCTION NO. 1.8

### Filing of Lawsuit and Pleadings

The fact that Mr. Ash files a lawsuit is not evidence that the School District did anything wrong. The fact that Mr. Ash complains damage or loss occurred is not evidence

15

of such damage or that the School District violated the law. Similarly, the fact that the School District denies such damages or loss occurred is not evidence that no loss occurred or that the law was not violated. Both the complaint and the denial are merely the formal way in which the case is brought to court for you to decide. The traditional expression, "where there's smoke, there's fire" is not always true and it cannot have any part in your reaching a decision in this case.

### INSTRUCTION NO. 1.9

### Burden of Proof

This is a civil case. The burden of proof, therefore, is by a "preponderance of the evidence." A "preponderance" means that no matter who produces the evidence, when

16

you consider a particular claim in light of all the facts, you believe that claim is more likely true than not true. To put it differently, if you were to put all of the evidence in favor of one party and all the evidence in favor of another party on opposite side of the scales, the party bearing the burden of proof would have to make the scale tip, even just slightly, to its side.

In this case, Mr. Ash has the burden of proving by a preponderance of the evidence that School District 11 relied, in part, upon race in deciding not to hire him for the social studies teaching position for the 2005-2006 school year.

If you find that Mr. Ash has proven by a preponderance of the evidence that School District 11 relied upon race in deciding not to hire Mr. Ash for the social studies teaching position, then School District 11 has the burden of proving by a preponderance of the evidence that it would have made the same decision even if it had not taken Mr. Ash's race into account.

In evaluating whether a party has met its burden of proof, you should also know that the law does not require parties to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter at issue in this trial. Nor does the law require parties to produce as exhibits all papers or other things mentioned in the evidence in the case.

**INSTRUCTION NO. 1.10**

**Judge's Questions to Witnesses**

During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions. My questions are intended only to clarify or to repeat something I may have missed.

**INSTRUCTION NO. 1.11**

**Bench Conferences**

It may be necessary for me to talk to the lawyers about an issue of law out of your

hearing. The purpose of these conferences is to decide how certain legal matters are to be

treated. We will not be discussing factual matters. The lawyers and I will do what we can

to limit the number and length of these conferences.

**INSTRUCTION NO. 1.12**

**Credibility of Witnesses**

In deciding the facts of this case, you will have to decide which witnesses to believe and which witnesses not to believe. You may believe everything a witness says, only part of it, or none of it. In considering the testimony of any witness, you may consider:

1.      The witness's opportunity and ability to see or hear or know the things to which the witness testified;

2.      The quality of the witness's memory;

3.      The witness's manner while taking the oath and while testifying;

4.      Whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

5.      Whether the witness's testimony is contradicted by anything the witness said or did at another time, by the testimony of other witnesses, or by other evidence;

6.      How reasonable the witness's testimony was in light of all the evidence; and

7.      Any other facts that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify to that fact. If you believe a witness has willfully lied regarding any material fact, you have the right to disregard all or any part of that witness testimony.

## INSTRUCTION NO. 1.13

### Single Witness

The testimony of a single witness that produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

**INSTRUCTION NO. 1.14**

**Opinion Evidence and Expert Witnesses**

You will hear opinion evidence from people described as experts. People who by knowledge, skill, experience, training or education, have become expert in some filed may state their opinions on matters in that field and may also state the reasons for their opinions.

Expert opinion testimony should be judged just like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinions, and all of the other factors that you consider when determining the credibility of the other witnesses.

22

Experts generally rely on some assumptions in developing their opinions. These assumptions are likewise subject to your evaluation and should be considered along with the rest of the evidence.

In resolving the conflict in the testimony of expert witnesses, you should weigh the opinion of one expert against that of another. In doing this, you should consider the qualifications and believability of each witness, the reasons for each opinion and the matter upon which it is based.

## INSTRUCTION NO. 1.15

### Equality of Parties

All persons are equal before the law regardless of race, national origin, citizenship, or whether the party is a corporation. I tell you that all parties are equal before the law to remind you that you must base any decision in this case on the law and facts, not outside factors such as race, national origin, citizenship, or corporate status.

23

**INSTRUCTION NO. 1.16**

**Status of a School District**

All person are equal before the law. A School District is considered by the law to be a person. School Districts are entitled to the same fair and conscientious consideration by you as any physical person.

School Districts can act only through their officers and employees. Any act or omission of a principal or vice principal or employee while acting within the scope of his or her employment or authority is the act or omission of School District 11.

Employees act within the scope of their authority when:

1.     They do the work assigned by their employer;

2.      They do that which is proper, usual, and necessary to accomplish their assigned

        work; or

3.      They do what is customary in a particular business to accomplish the assigned

        work.

**SECTION 2.0**

**JUROR CONDUCT**

25

**INSTRUCTION NO. 2.1**

**Juror Conduct Generally**

Your conduct as jurors is of the utmost importance.

First, do not talk with one another about this case or about anyone who has anything to do with it until the end of the case when you go to the jury room to decide on your verdict.

Second, do not talk with anyone else about this case or about anyone who has anything to do with it until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror in a case and that I have ordered you not to tell them anything else about it until the case is over.

26

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone tries to talk to you about this case, please report it to me immediately.

Fourth, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with the case.

Fifth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own. Do not look things up on the internet. Do not "google." Do not post anything about the case or your participation in it to Facebook, MySpace, or the like. Do not "Twitter."

Sixth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Seventh, each of you will have one or more notebooks containing the names of the witnesses and copies of the exhibits. You are free to take notes in order to enhance your memory or assist you in recollecting during your deliberations. I caution you, however, not to become a slave to your notes. It is most important that you observe the witnesses and listen to their testimony. Your note taking should merely assist you.

27

**INSTRUCTION NO. 2.2**

**Questions by Jurors**

Jurors are not permitted to ask a witness questions. However, you may ask me questions during the trial under certain circumstances.

If you feel the answer to a question would be helpful in understanding the issues in the case, please write down your question during a break and give it to my courtroom deputy. I will make copies of your note for the lawyers and speak privately with them to decide whether the question is proper under the law and how best to address it.

If the question is proper, we will repeat it in open court and someone will answer it. If there is some reason why the question cannot be answered, I will tell you what that reason is.

**INSTRUCTION NO. 2.3**

**Publicity During Trial**

If there is publicity about this trial, you must ignore it. Do not read anything or listen to any television or radio programs about the case or employment cases in general. You must decide this case only from the evidence presented here in the courtroom.

**SECTION 3.0**

**INSTRUCTIONS FOR USE DURING TRIAL**

**INSTRUCTION NO. 3.1**

**Evidence Considered for Limited Purpose**

[Reserved]

**INSTRUCTION NO. 3.2**

**Consideration of Deposition Testimony**

A deposition is testimony taken under oath before the trial and preserved in writing or on videotape. Deposition testimony may be presented to a witness in order to refresh the witness's memory or to add to the witness's testimony or to contradict it.

## INSTRUCTION NO. 3.3

## Charts and Summaries

There are two types of charts or summaries that may be used in this case. The following instructions may be given during the trial before the use of a particular chart or summary.

**Not Received in Evidence (Demonstrative Exhibit)**

An exhibit such as a chart or summary often referred to as a "Demonstrative Exhibit" is not received in evidence. Its only purpose is as an illustrative aid to help explain the evidence in the case. It is not evidence itself and does not prove any fact.

**Received in Evidence**

However, I may admit summaries into evidence because I have determined they accurately and reliable summarize complex or voluminous evidence in a manner that may materially assist you in understanding that evidence. You are instructed that a summary is not independent evidence of its subject matter, and is only as valid and reliable as the underlying evidence it summarizes.

33

**SECTION 4.0**

**SUBSTANTIVE INSTRUCTIONS**

## INSTRUCTION NO. 4.1

### Nature of Race Discrimination Cases

Congress passed a law which makes it unlawful for an employer to "fail or refuse to hire . . . or otherwise to discriminate against any individual . . . because of such individual's race. . . ." Today you will hear this law referred to as  "Title VII." In order to establish a claim of discrimination under Title VII, Mr. Ash must show that his race was a "motivating factor" in School District 11's decision not to hire Mr. Ash for the social studies teaching position for the 2005-2006 school year.

## INSTRUCTION NO. 4.2

### Liability for Race Discrimination Claims

Your verdict must be for Mr. Ash against School District 11 on Mr. Ash's race discrimination claim if the following two elements are proved by a preponderance of the evidence:

1. School District 11 did not hire Mr. Ash for the position as a social studies teacher for the 2005-2006 school year; and

2. Mr. Ash's race was a motivating factor in School District 11's decision not to hire him.

A "motivating factor" is a factor that makes a difference in a decision. In determining whether race was a "motivating factor," you may consider statements made or acts done by the School District, and all other facts and circumstances indicating state of mind.

If either element is not proved by a preponderance of the evidence, your verdict must be for School District 11.

## INSTRUCTION NO. 4.3

### Defendant's Affirmative Defense

If your verdict is for Mr. Ash, he is entitled to damages unless the School District proves by a preponderance of the evidence that it would have treated Mr. Ash in the same manner, even if race discrimination had played no role in the School District's decision not to hire him for the position as social studies teacher for the 2005-2006 school year. It is not sufficient to prove that the decision would have been justified. Rather, School District 11 must prove that it would have taken the same action in the absence of the impermissible motivating factor of Mr. Ash's race.

## INSTRUCTION NO. 4.4

### Mitigation of Damages

In considering damages you may award to Mr. Ash, you must remember that Mr. Ash is obligated to take reasonable steps to mitigate the damages suffered. "Mitigation" refers to acts which diminish or lessen a person's damages.

It is, however, the School District's burden to prove, by a preponderance of the evidence, that Mr. Ash failed to take reasonable steps to diminish the extent of the damages suffered. If the School District so proves, you should reduce your award by the amount of damages that would not have occurred if Mr. Ash had taken reasonable steps to mitigate his damages.

## INSTRUCTION NO. 4.5

### Damages Determination

If you find in favor of Mr. Ash on his mixed motive claim of discrimination based upon his race, then you may award damages as follows:

**Back Pay**: the amount of the pay Mr. Ash would have earned had he not been discriminated against until today's date. You should then add to this amount the employee benefits, such as health, insurance, vacation and other benefits Mr. Ash would have received had be not been discriminated against, through today's date. You should then subtract the amount of the pay and benefits Mr. Ash has actually earned from other employment through today's date.

**Compensatory Damages**: such as emotional distress, pain, suffering, inconvenience or mental anguish, embarrassment, humiliation, out of pocket expenses, adverse effects of Mr. Ash and other such damages you find Mr Ash has proved he experienced or in the future will experience as a result of the wrongful conduct.

**Nominal Damages**: If you find Mr. Ash has failed to prove he suffered any damages, then you must award Mr. Ash the nominal amount of $1.00.

**Punitive Damages**: If you find the School District intentionally discriminated against Mr. Ash, the law allows, but does not require, an award of punitive damages. The purpose of an award of punitive damages is to punish a wrongdoer for misconduct, and also to provide a warning to others.

You may award punitive damages if you find the School District engaged in

39

discrimination with malice or with reckless indifference to the right of Mr. Ash to be free from such intentional discrimination. The School District acts with malice or indifference if the School District knew that the decision not to hire was in violation of federal law prohibiting discrimination or if the School District acted with reckless disregard of the law while knowing there was a high probability that such acts violated the law.

In order to find the School District liable for punitive damages, you must find that the School District discriminated in the face of a perceived risk that its actions would violate federal law.

In deciding the amount of punitive damages, you may consider the following:

1.      The offensiveness of the conduct;

2.      The amount needed, considering the School District's financial condition, to prevent the conduct from being repeated; and

3.      Whether the amount of punitive damages bears a reasonable relationship to the actual damages awarded.

## INSTRUCTION NO. 4.6

### Future Lost Wages Damages Determination

If you find in favor of Mr. Ash on any of his mixed motive race discrimination

claims, I will determine the amount of future lost wages based upon your verdict.

# SECTION 5.0

# FINAL INSTRUCTIONS

## INSTRUCTION NO. 5.1

### General Introduction

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

Each of you has a copy of the instructions to consult whenever you wish. The lawyers may properly refer to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

## INSTRUCTION NO. 5.2

### Jury Deliberations – General Instructions

It is your duty to find the facts from all the evidence in the case. To those facts, you must apply and follow the laws contained in these instructions whether you agree with them or not. Your decision is called a verdict and is reached by applying those laws to the facts as you find them. You have taken an oath promising to do just so.

You must follow all of these instructions and not single some out and ignore others; they are all equally important. You must not read into these instructions, or into anything I may say or do, any suggestions as to what verdict you should return. Your verdict is a matter entirely for you to decide.

## INSTRUCTION NO. 5.3

### Jury – Deliberation

When you go to the jury room to begin your deliberations, you must elect *one person* to serve as your Presiding Juror. He or she will preside over your deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreements if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it with your fellow jurors, and listened to the views of your fellow jurors. I offer some suggestions on how you might do this in the next jury instruction, titled "Jury – The Deliberations Process."

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict, but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight of the evidence simply to reach a verdict.

## INSTRUCTION NO. 5.4

### Jury – The Deliberations Process

Once you have elected your Presiding Juror, you are free to proceed as you agree is appropriate. Therefore, I am not directing you how to proceed, but I offer the following suggestions that other juries have found helpful so that you can proceed in an orderly fashion, allowing full participation by each juror, and arrive at a verdict that is satisfactory to each of you.

First, it is the responsibility of the Presiding Juror to encourage good communication and participation by all jurors and to maintain fairness and order. Your Presiding Juror should be willing and able to facilitate productive discussions even when disagreements and controversies arise.

Second, the Presiding Juror should let each of you speak and be heard before expressing his or her own views.

Third, the Presiding Juror should never attempt to promote nor permit anyone else to promote his or her personal opinions by coercion or intimidation or bullying others.

Fourth, the Presiding Juror should make certain that the deliberations are not rushed to reach a conclusion.

If the Presiding Juror you select does not meet these standards, he or she should voluntarily step down or be replaced by a majority vote.

After you select a Presiding Juror, you should consider electing a secretary who will tally the votes, help keep track of who has or hasn't spoken on the various issues,

46

make certain that all of you are present whenever deliberations are under way and otherwise assist the Presiding Juror.

Some juries are tempted to start by holding a preliminary vote on the case to "see where we stand." It is most advisable, however, that no vote be taken before a full discussion is had on the issue to be voted on, otherwise you might lock yourself into a certain view before considering alternative and possibly more reasonable interpretations of the evidence. Experience has also shown that such early votes frequently lead to disruptive, unnecessarily lengthy, inefficient debate and ineffective decision-making.

Instead, I suggest the Presiding Juror begin your deliberations by directing the discussion to establishing informal ground rules for how you will proceed. These rules should assure that you will focus upon, analyze and evaluate the evidence fairly and efficiently and that the viewpoints of each of you are heard and considered before any decisions are made. No one should be ignored. You may agree to discuss the case in the order of the questions presented in the special verdict form or in chronological order or according to the testimony of each witness. Whatever order you select, however, it is advisable to be consistent and not jump from one topic to another.

In the event you reach a controversial issue, it is wise to pass it temporarily and move on to the less controversial ones and then come back to it. You should then continue through each issue in the order you have agreed upon unless a majority of you agrees to change the order.

It is very helpful, but certainly not required of you, that all votes be taken by secret

47

ballot. This will help you focus on the issues and not be overly influenced by personalities. Each of you should also consider any disagreement you have with another juror or jurors as an opportunity for improving the quality of your decision and therefore should treat each other with respect. Any differences in your views should be discussed calmly and, if a break is needed for that purpose, it should be taken. As I mentioned at the beginning of this trial, each of you is responsible for making sure that no juror bases a decision on matters that are not in evidence.

Each of you should listen attentively and openly to one another before making any judgment. This is sometimes called "active listening" and it means that you should not listen with only one ear while thinking about a response. Only after you have heard and understood what the other person is saying should you think about a response.

Obviously, this means that you should try very hard not to interrupt. If one of your number is going on and on, it is the Presiding Juror who should suggest that the point has been made and it is time to hear from someone else.

You each have a right to your individual opinion, but you should be open to persuasion. When you focus your attention and best listening skills, others will feel respected and, even while they may disagree, they will respect you. It helps if you are open to the possibility that you might be wrong or at least that you might change your mind about some issues after listening to other views.

Misunderstanding can undermine your efforts. Seek clarification if you do not understand or if you think others are not talking about the same thing. From time to time

48

the Presiding Juror should set out the items on which you agree and those on which you have not yet reached agreement.

In spite of all your efforts, it is indeed possible that serious disagreements may arise. In that event, recognize and accept that "getting stuck" is often part of the decision-making process. It is easy to fall into the trap of believing that there is something wrong with someone who is not ready to move toward what may be an emerging decision. Such a belief is not helpful. It can lead to focusing on personalities rather than the issues. It is best to be patient with one another. At such times slower is usually faster. There is a tendency to set deadlines and seek to force decisions. Providing a break or more time and space, however, often helps to shorten the overall process.

You may wish from time to time to express your mutual respect and repeat your resolve to work through any differences. With such a commitment and mutual respect, you will most likely render a verdict that leaves each of you satisfied that you have indeed rendered justice.

## INSTRUCTION NO. 5.5

### Communications with the Judge

If it becomes necessary during your deliberations to communicate with me, you may send a folded note through the court security officer, signed by one of you. Do not disclose the content of your note to the court security officer. No member of the jury should hereafter attempt to communicate with me except by signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. You are not to tell anyone – including me – how the jury stands, numerically or otherwise, until you have reached a unanimous verdict and I have discharged you.

If you send a note to me containing a question or request for further direction, please bear in mind that responses take considerable time and effort. Before giving an answer or direction I must first notify the attorneys and bring them back to the court. I must confer with them, listen to arguments, research the legal authorities, if necessary, and reduce the answer or direction to writing.

There may be some question that, under the law, I am not permitted to answer. If it is improper for me to answer the questions, I will tell you that. Please do not speculate about what the answer to your question might be or why I am not able to answer a particular question.

In some instances jurors request that certain testimony be read to them. This cannot be done as it is inappropriate for the court to single out testimony. In those

50

circumstances you must rely upon your own recollection.

**INSTRUCTION NO. 5.6**

**Unanimous Agreement and Jury Verdict Form**

You each have copies of a document called a Jury Verdict Form. You should answer the questions in the Jury Verdict Form as directed. You must reach unanimous agreement on the answers to each of the questions the form directs you to answer. Upon arriving at an agreement, your Presiding Juror will insert each answer on the Jury Verdict Form. After all of the questions have been answered as directed by the Jury Verdict Form, your Presiding Juror will date the form, sign it, and then ask all of the other jurors to sign it.

After you have filled out the Jury Verdict Form in this manner, your Presiding Juror should advise the court security officer stationed outside the jury room that you have reached a verdict.

**SECTION 6.0**

**JURY VERDICT FORM**

**SPECIAL VERDICT FORM**

1.    Has Mr. Ash proved by a preponderance of the evidence that Mr. Ash's

race was a reason for the School District's decision not to hire him for a

teaching position?

53

Yes: _____          No: _____

IF YOUR ANSWER TO QUESTION 1 IS YES, PROCEED TO QUESTION 2. IF

YOUR ANSWER TO QUESTION 1 IS NO, THEN DO NOT ANSWER ANY

FURTHER QUESTIONS.

    2.    Has the School District proved by a preponderance of the evidence, that it

        would have made the same decision regardless of Mr. Ash's race?

        Yes: _____          No: _____

IF YOUR ANSWER TO QUESTION 2 IS NO, PROCEED TO QUESTION 3. IF YOUR

ANSWER TO QUESTION 2 IS YES, THEN DO NOT ANSWER ANY FURTHER

QUESTIONS.

    3.    Has Mr. Ash proved, by a preponderance of the evidence, that he has

        damages, injuries or losses as a result of the conduct of the School District?

        Yes: _____          No: _____

IF YOUR ANSWER TO QUESTION 3 IS YES, PROCEED TO QUESTION 4. IF THE

ANSWER TO QUESTION 3 IS NO, THEN DO NOT ANSWER ANY FURTHER

QUESTIONS.

    4.    State below the amount of the damages, injuries or losses caused by the

        conduct of the School District:

**Back Pay**: the amount of the pay Mr. Ash would have earned had he not been

discriminated against until today's date. You should then add to this amount the employee

benefits, such as health, insurance, vacation and other benefits Mr. Ash would have

54

received had be not been discriminated against, through today's date. You should then subtract the amount of the pay and benefits Mr. Ash has actually earned from other employment through today's date:

$ _____

**Compensatory Damages**: such as emotional distress, pain, suffering, inconvenience or mental anguish, embarrassment, humiliation, out of pocket expenses, adverse effects of Mr. Ash and other such damages that you find the Mr. Ash has proved that he experienced or in the future will experience as a result of the wrongful conduct:

$ _____

**Nominal Damages**: If you find Mr. Ash has failed to prove that he suffered any damages, then you must award Mr. Ash the nominal amount of $1.00.

**Punitive Damages**: If you find the School District intentionally discriminated against Mr. Ash, the law allows, but does not require, an award of punitive damages. The purpose of an award of punitive damages is to punish a wrongdoer for misconduct, and also to provide a warning to others.

You may award punitive damages if you find the School District engaged in discrimination with malice or with reckless indifference to the right of Mr. Ash to be free from such intentional discrimination. In order to find the School District liable for punitive damages, you must find the School District discriminated in the face of a perceived risk that its actions would violate federal law.

In deciding the amount of punitive damages, you may consider the following:

55

    (1)      The offensiveness of the conduct;

    (2)      The amount needed, considering the School District's financial condition, to prevent the conduct from being repeated; and

    (3)      Whether the amount of punitive damages bears a reasonable relationship to the actual damages awarded.

$ _____

5.      Did Mr. Ash fail to mitigate his damages?

      Yes: _____         No: _____

IF YOUR ANSWER TO QUESTION 5 IS YES, PROCEED TO QUESTION 6. IF THE ANSWER TO QUESTION 5 IS NO, THEN DO NOT ANSWER ANY FURTHER QUESTIONS.

6.      State below the amount by which Mr. Ash's damages must be reduced by his failure to mitigate.

**Mitigation**: Mr. Ash is obligated to take reasonable steps to mitigate or diminish the damages suffered. It is, however, the School District's burden to prove, by a preponderance of the evidence, that Mr. Ash failed to take reasonable steps to diminish the extent of the injuries suffered. If the School District so proves, you should reduce your award by the amount of damages that would not have been suffered if Mr. Ash had taken reasonable steps to mitigate his damages.

$ _____

Dated this _____ day of September, 2010.


_____
Presiding Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror